**STATE, ex rel. KENDRICK, Plaintiff-Relator, v. THORMYER et, Defendants-Respondents.**

Ohio Appeals, Tenth District, Franklin County.

No. 5790. Decided March 4, 1958.

Donald H. Tishman, Columbus, for plaintiff-relator.

William Saxbe, Atty. Genl., Hugh A. Sherer, Chief Counsel, Walter M. Shea, Asst. Atty. Genl., Columbus, for defendants-respondents.

### OPINION

By MILLER, J.

Submitted upon motion of the plaintiff-relator seeking an order for a judgment on the pleadings for the reason that the admissions in the answer disclose that the writ of mandamus should be allowed as a matter of law.

An examination of the pleadings reveals that the relator holds a

Classified Civil Service position in the Department of Highways; that on August 5, 1957, he was suspended, as a matter of discipline, for a period of thirty days. The suspension letter was signed "George J. Thormyer, Acting Director, Department of Highways."

It further appears that on February 1, 1957 the then Director of Highways, S. O. Linzell, appointed George J. Thormyer to the position of Assistant Director for the Department of Highways; that on February 7, 1957, Director Linzel submitted his letter of resignation to the Governor which was accepted as of said date and his position has not been filled. It also appears that the 102nd General Assembly was in session at that time and adjourned sine die on June 18, 1957, without the Governor having submitted the name of anyone to fill the vacancy. Under such circumstances we are of the opinion that the Assistant Director was empowered to perform the duties of Director during the vacancy. Sec. 121.05 R. C.

In addition to challenging the authority of Thormyer to issue the suspension order, the amended petition alleges that:

"That further defendant-respondent Thormyer had no personal knowledge of any act by the relator as of August 5, 1957; that defendant-respondent Thormyer had no knowledge on August 5, 1957 of the aforementioned letter to relator allegedly from defendant-respondent Thormyer; that defendant-respondent Thormyer did not personally sign the aforementioned letter to relator which letter bears the purported signature of defendant-respondent Thormyer; and that defendant-respondent Thormyer had no knowledge on August 5, 1957 that his name was being signed to the aforementioned letter addressed to the relator."

The answer admits the capacity of the defendants alleged in the petition, but denies the wrongful suspension. It denies that George T. Thormyer is without authority to suspend or remove a Civil Service employee or that the suspension was for more than thirty days.

It admits that Ohio has no Director of Highways and that Thormyer did not sign the letter, but that one Fred G. Reiners was duly authorized to and did sign Thormyer's name thereto.

In support of the motion counsel for the relator urges that the suspension was in excess of thirty days, but this we find is not supported by the record. He also urges that the suspension by Thormyer was invalid because it was not personally signed by him but by his agent, Fred G. Reiners, and therefore that the suspension was not made by the appointing authority. Under the provisions of §5501.10 R. C., the power of appointment is placed in the Director, but when there is no Director the Assistant Director may exercise those powers delegated to the Director. Sec. 121.05 R. C.

Counsel for the relator urges that the answer admits the acting Director had no knowledge of the suspension and therefore it was not made by the appointing authority. We find no such admission in the answer, but it does admit that the letter of suspension was signed by an authorized agent. Whether or not the letter of suspension was that of the acting Director is dependent upon his knowledge and consent. This requires further proof, and the motion will be overruled.

PETREE, PJ, BRYANT, J, concur.